Ana Laura GOMEZ–ROMO, aka Laura Gomez–Romoana, aka Myra Vanessa Salazar, Petitioner,

v.

Loretta E. LYNCH, Attorney General, Respondent.

No. 13–72679.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.*

Filed July 27, 2015.

Ana Laura Gomez–Romo, Lafayette, LA, pro se.

Oil, Laura Halliday Hickein, Jennifer R. Khouri, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

MEMORANDUM **

Ana Laura Gomez–Romo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her applications for cancellation of removal, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Alcaraz v. INS*, 384 F.3d 1150, 1158 (9th Cir.2004). We review for substantial evidence the denial of withholding of removal and CAT relief. *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008). We deny the petition for review.

The agency correctly determined that Gomez–Romo's conviction under section 13–2002 of the Arizona Revised Statutes renders her ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C); *Espino–Castillo v. Holder*, 770 F.3d 861, 864–65 (9th Cir.2014) (Arizona forgery conviction is a crime involving moral turpitude rendering petitioner ineligible for cancellation of removal). In her opening brief, Gomez–Romo does not raise, and therefore

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

waives, any contention regarding the petty offense exception. *See Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir.2010).

Substantial evidence supports the agency's denial of withholding of removal on the ground that Gomez–Romo failed to establish it is more likely than not she would be persecuted on the basis of a protected ground if returned to Mexico. *See Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir.2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Substantial evidence also supports the agency's denial of CAT relief on the ground that Gomez–Romo failed to demonstrate it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya,* 524 F.3d at 1073.

To the extent Gomez–Romo is seeking to submit new evidence by referencing documents not included in the administrative record in her opening brief, we decline to take judicial notice of this new evidence. *See* 8 U.S.C. § 1252(b)(4)(A); *Lising v. INS,* 124 F.3d 996, 998 (9th Cir.1997) (explaining standard for review of out-of-record evidence).

Lastly, we reject Gomez–Romo's contention that her removal would violate the constitutional rights of her child. *See Urbano de Malaluan v. INS,* 577 F.2d 589, 594 (9th Cir.1978) (rejecting the contention that a parent's "deportation order would amount to a de facto deportation of the

---

child and thus violate the constitutional rights of the child").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.